246 N.J. Super. 467 (1991)
587 A.2d 1327
LAWRENCE W. NELSON, INDIVIDUALLY AND AS PARENT AND NATURAL GUARDIAN OF P.T.N., PETITIONER-APPELLANT,
v.
BOARD OF EDUCATION OF THE BOROUGH OF GLEN RIDGE, ESSEX COUNTY, AND ROSE M. MCCAFFERY, SUPERINTENDENT, RESPONDENTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Submitted February 20, 1991.
Decided March 19, 1991.
*468 Before Judges MICHELS, BRODY and D'ANNUNZIO.
Lawrence W. Nelson, appellant, filed a brief pro se.
Riker, Danzig, Scherer, Hyland & Perretti, attorneys for respondents (James S. Rothschild, Jr., of counsel; Anthony J. Zarillo, Jr., on the brief).
*469 Robert J. Del Tufo, Attorney General, filed a statement in lieu of brief on behalf of State Board of Education (Arlene Goldfus Lutz, Deputy Attorney General, on the statement).
The opinion of the court was delivered by BRODY, J.A.D.
Affirming the initial decision of Administrative Law Judge Springer and the decision of the Commissioner of Education, the State Board of Education (State Board) determined that respondent Glen Ridge Board of Education (respondent) is not obliged to pay petitioner a statutory $325 allowance to help defray the cost of transporting his son to a nonprofit private school. The State Board determined that N.J.S.A. 18A:39-1 (the statute) does not require respondent to pay the allowance because the school is more than 20 miles from the pupil's residence. That determination rests on the State Board's decision that an .84-mile driveway, running from the public roadway to the entrance of the school building, must be included in measuring the distance from the pupil's residence to the school. We affirm.
The relevant portion of the statute provides:
Whenever in any district there are pupils residing remote from any schoolhouse, the board of education of the district may make rules and contracts for the transportation of such pupils to and from school, including the transportation of school pupils to and from school other than a public school, except such school as is operated for profit in whole or in part.
When any school district provides any transportation for public school pupils to and from school pursuant to this section, transportation shall be supplied[[1]] to school pupils residing in such school district in going to and from any remote school other than a public school, not operated for profit in whole or in part, located within the State not more than 20 miles from the residence of the pupil;
* * * * * * * *

*470 Any transportation to a school other than a public school shall be pursuant to the same rules and regulations promulgated by the State board as governs transportation to any public school.
Respondent supplies transportation to pupils going to and from remote public schools and therefore, subject to the limitations in the statute, it is obliged to do the same for petitioner's son. Although respondent is obliged to supply transportation to and from a private school if the school is remote, the obligation does not include supplying transportation to and from a school that is so remote as to be more than 20 miles from the pupil's residence.
The statute leaves to the State Board the task of promulgating rules and regulations that delineate the distance from a pupil's residence that renders the school "remote," and to establish the manner of measuring that distance when determining not only whether the school is remote but also whether it is so remote as to exceed 20 miles.
The State Board discharged this task by promulgating N.J.A.C. 6:21-1.3, which provides as follows:
(a) The words "remote from the schoolhouse" shall mean beyond 2 1/2 miles for high school pupils (grades 9 through 12) and beyond two miles for elementary pupils (grades kindergarten through eight), except for educationally handicapped pupils.
(b) For the purpose of determining remoteness in connection with pupil transportation, measurement shall be made by the shortest route along public roadways or public walkways from the entrance of the pupil's residence nearest such public roadway or public walkway to the nearest public entrance of the assigned school.
In the present case, the State Board implicitly interpreted the broad language "[f]or the purpose of determining remoteness in connection with pupil transportation" to mean that subsection (b) directs both how to measure whether a school is sufficiently remote to require a local board to supply transportation and how to measure whether it is so remote (more than 20 miles) as to relieve the board of that obligation. We have no difficulty deferring, as we must, to that sensible interpretation of the encompassing language of the State Board's own regulation. See Metromedia, Inc. v. Director, Div. of Taxation, 97 *471 N.J. 313, 327, 478 A.2d 742 (1984); Barone v. Department of Human Serv., Div. of Med. Asst., 210 N.J. Super. 276, 285, 509 A.2d 786 (App.Div. 1986), aff'd 107 N.J. 355, 526 A.2d 1055 (1987).
We reject petitioner's argument that subsection (b) means that the critical distance runs only "along public roadways or public walkways," and does not include the school's .84-mile private driveway. The subsection measures the distance "from the entrance of the pupil's residence nearest such public roadway or public walkway to the nearest public entrance of the assigned school." The distance expressly includes the distance from the door of the pupil's residence to the public way. There is no reason why it should not include the distance from the public way to the door of the school. Petitioner acknowledges that the bus transports his son up the school's long driveway to the entrance of the school building.
The regulation expresses the distance as "the shortest route" between home and school with an exception that permits the use of public walkways and roadways. That exception, though it may lengthen the route, recognizes that a pupil walking will use public walkways and a pupil riding will use public roadways. The distance between the pupil's residence and the school building includes but is not limited to the distance along the public way.
In his next argument, petitioner interprets subsection (b) to mean that although the distance must be measured to the nearest entrance of a public school building, it may not be measured beyond the nearest entrance to the real property on which a private school building is located. We agree with the State Board that the regulation makes no such distinction between public and private schools. The "public entrance of the assigned school" means the entrance to the school building used by those members of the public who are entitled to enter the building by that entrance, whether the school is public or private. The more the school building is set back from the *472 public way, whether the school is public or private, the greater is its distance from a pupil's residence.
Finally, petitioner argues that in West Morris Reg. Bd. of Educ., et al. v. Sills, et al., 58 N.J. 464, 279 A.2d 609 (1971), cert. denied 404 U.S. 986, 92 S.Ct. 450, 30 L.Ed.2d 370 (1971), the Court interpreted the statute to mean that the 20-mile distance is the radial distance from the pupil's residence and therefore the State Board was without authority to promulgate a regulation that produces a longer distance. One of the issues as articulated by the plaintiffs in that case was whether the statute violates the Equal Protection Clause because it does not provide relief for "students outside the 20-mile radius." Id. at 473, 279 A.2d 609. Petitioner relies on the following language of the Court:
With respect to students who travel beyond the 20-mile radius, we think it tenable to exclude them since the legislative purpose is to extend to the private school student the same benefit which is mandated for the student of his district who attends public school, and students who attend a private school beyond the 20-mile radius are on that account beyond the legislative purpose. [Id. at 481, 279 A.2d 609.]
The Court was not passing on the method of measuring the statutory 20-mile distance. More pertinent to the issues before us, the Court recognized that the statute left the meaning of "remote" to be "defined administratively." Id. at 478, 279 A.2d 609.
Affirmed.
NOTES
[1] In lieu of supplying transportation the statute elsewhere requires a local board to pay a transportation allowance of $325 to the parent of a pupil attending a nonprofit private school where the cost to the board of transporting the pupil would exceed that sum.